Ms. Estes. May it please the Court. Good morning, Your Honors. Chelsea Estes, Federal Defenders of San Diego, on behalf of the appellant, Carlos Escobar. And I would like to reserve a couple of minutes for rebuttal, Your Honors. You watch the clock. Section 11378 has two overly broad elements, mens rea and drug type. The mens rea element is overly broad because the knowledge required for conviction is knowing possession of any California-controlled substance. Because the California-controlled substance schedules include drugs that are not included on the federal schedules, the mens rea element. But that's, that's an issue that you're not particularly concerned about today. It's the mens rea, right? It's not the listing. The mens rea. So let me ask you a question about that. Yes, Your Honor. And here's what, and neither side has really briefed this, but I'm, this is where I'm having some trouble. When I go through the enhancement, there's, there are some enhancements, and the Supreme Court said this recently, there's some enhancements that match up to federal crimes, where the, where the, where the enhancement says, you'll get an enhancement if your state conduct would have violated a federal statute. There are others that describe generic crimes. When I look at the definition of drug trafficking offense in this enhancement, I'm looking at sub four. It says, means an offense under federal, state, or local law that prohibits the manufacture, import, sale, et cetera, et cetera, of a controlled substance. We all understand that the statute is divisible as to controlled substance. Yes, Your Honor. But there's no real dispute in this case that the controlled substance that your client was convicted of selling was methamphetamine. Well, I think, not conceding that we should proceed with a modified approach, but. Okay, but just put that, let's assume that's the case. Yes, Your Honor. Is it, why is there any need to look at the mens rea? This is not one of those enhancements that says, you must, your crime, your state crime must have been a conduct for which you would have been convictable in federal court. The enhancement only says a drug trafficking offense, which is defined as an offense involving the sale of, of a controlled substance. And controlled substance, of course, is then in turn defined as one of the ones listed in the federal statute. So, I'm not sure why we're talking about mens rea. Tell me why we are. Yes, Your Honor. I think mens rea is important to discuss in this case because we know from looking at federal jury instructions and federal case law that federal drug trafficking offenses have a mens rea. Let's assume that you're right about your argument, that there's a different mens rea required for the state and federal, to be convicted of selling methamphetamine in state and federal court. Okay. What difference does that make in light of this enhancement, which only requires that you be convicted of a state drug, drug trafficking offense? It doesn't require that the conduct be the same as for a If I understand the court's question, I think it's significant because to be convicted of a state drug trafficking offense, it must be a categorical match both as to substance. Where, where, where does it say that? Well, I think from looking at 2L1.2 sub 4, we can, we can gather that to be convicted of a, an enhanceable offense, it must, you must, it must, it must categorically match all federal elements. Tell me what, that's my problem. The, the, there are a bunch of say in order to, to qualify for the enhancement, your state offense must match up to the elements of the federal offense. And there are others that simply say it has to be a generic crime. This one doesn't say either. This one just simply says if you've been convicted of a state, of an offense in state court that prohibits the manufacture, import or sale of a controlled substance, and to be sure for that one, that the, this tells us we have to look at federal law to make sure it's a controlled substance. But where's this thing that says that your conduct would also have to make you convictable in federal court? Well, I think, Your Honor, I think it's implied. The categorical approach tells us that that is the case. So when we look to federal law to interpret federal drug enhancements, we know that it must categorically match as to all elements. But we do, we do apply a categorical approach. We look at this and we say, this statute says a controlled substance. The state statute says a controlled substance, but has a different list. Therefore, it's not a perfect categorical match. Therefore, we have to go to the modified categorical approach. But you're saying what we also have to do is look to mens rea and this statute doesn't tell us that you, that your conduct has to be such that would subject you to a federal conviction. That's my, that's my difficulty. So help me. I understand the court's concern and I think the best answer I have for that is that we know because we know what the categorical approach requires. We know that it must categorically match in all respects. And here, certainly as to drug type, but I mean, even from looking at 2L1.2, it only says a controlled substance. So it doesn't explicitly say that it must be a federally controlled substance. No, but that, that has been, that's defined by statute. Yes, Your Honor. And I think, I think the same is implied as to all elements. It must be a categorical match. Okay. Assume that's right for a second. Is there really any, the Ortiz case suggests that we shouldn't speculate that there's some wild circumstance under which somebody who possessed methamphetamine might have thought that it was a, a, a substance banned under California law but not banned under federal law. Is there any realistic possibility that anybody could ever be convicted of possession of a substance that was not federally controlled? Yes, Your Honor. There is a realistic probability. And the reason Cite any case where that's been the case? I cannot cite a case where someone has been convicted of possessing a substance that was not federally controlled. But I don't think that's necessary here because the cases cited in the briefing, Romero, Gerringer, and Guy, do show that California routinely prosecutes individuals who possess one substance when they believed  would not prosecute someone who possessed, caught, but thought they possessed methamphetamine or marijuana or another controlled substance. These cases make clear that California has no regard for what you thought you possessed. And because we can look to the California controlled substance schedules and plainly see the universe of substances that we're dealing with, we know exactly what California would punish. What do we do with the court's previous disposition in this case? You seem to be arguing that this is an undividable statute. And the court ruled last time that no, it was a statute subject to the modified categorical approach. And you made this argument sort of in your briefs last time. And the court said, the court went ahead and said, no, go back and look at this conviction and apply the modified categorical approach. So are you barred by a law of the case issue? No, Your Honor. The law of the case doctrine does not preclude the court from First, explicitly what the court held on the prior, in the prior memorandum is that 11-378 is divisible within the meaning of decomp. But you're today arguing that it's not. Yes, Your Honor. In the briefing, we do argue that it is both overbroad and indivisible. But at most, what this opinion could have reached is the divisibility. It says nothing about overbred. But isn't your indivisibility argument barred by law of the case? I don't think so, Your Honor. I think because the court cites Padilla-Martinez and Coronado, that indicates that the court was holding the statute divisible as to drug type, because that is what those two cases deal with. But even if we assume that it does control the issue of divisibility, that is at most what that can, what that decision controls. Here's my difficulty. You did argue last time, this mens rea argument to the court. It's in your briefs. It's in the briefs, yes. Court didn't rule on it, but it, it, isn't that an implicit rejection of it? I don't think so, Your Honor. I think what's significant procedurally about this case is that the main issues that were argued on appeal last time were trial issues. And then certainly, there was clear error. Your Honor, I see that I have about two minutes left. I would like to answer the court's question and, and reserve time for me. Sure, and then you can reserve your time. I'll make sure you have sufficient time. Thank you very much, Your Honor. The main issues in those case were fully argued on appeal. This issue was never discussed. But briefed? It was briefed very briefly. Here, it is clearly the main focus of the appeal. I think it's supposed to be brief. Yes, Your Honor. Okay, go ahead and save the rest of your time. Thank you, Your Honor. Good morning, Your Honors. May it please the court, Michael Heyman on behalf of the United States. The United States cited the Vega-Ortiz lower court decision in its opening brief by Judge Moskowitz. Last month, the Ninth Circuit came out with the Vega-Ortiz case, which controls here. In Vega-Ortiz, it set up the exact argument which defendant is making today. And it controls for several different reasons. The law of the case as well as the substantive merits here. Vega-Ortiz, the defendant alleged that the methamphetamine at the state level was too broad because in the federal level, there was an exemption for the L-methamphetamine type substance. The court said, notwithstanding the theoretical distinction that somebody at the state level could be convicted of methamphetamine in general, and that at the federal level, there was this exception for L-methamphetamine, that notwithstanding that theoretical possibility that that wasn't good enough, that there needed to be a realistic possibility. In that case, the defendant attempted to say, well, look, on its face, there's a realistic possibility. The court rejected that as well. So what we now have here is the defendant's attempt to say that People v. Romero and the two other cases cited in his brief somehow create this realistic possibility, but that's no more of a realistic possibility than was already rejected in Vega-Ortiz, as well as at least a couple other cases by the Ninth Circuit. Can you work through the statutory definition with me and see if the government agrees with Mr. Escobar's counsel? Does this enhancement require that the conduct in its entirety subject the defendant to prosecution under federal law, or merely that he possess, be convicted of possessing a substance that's prohibited by federal law? Can you repeat the question one more time, Your Honor? Sure, it's the same question I was asking, I hope you were listening, your opponent. The definition of drug trafficking offense means an offense that under federal, state, or local law that prohibits, and then it goes on, manufacture, sale, distribution of a controlled substance. We all agree the controlled substance has to be one listed in the federal statute. Must your conviction otherwise match up to the elements of a federal crime, or is it enough that your conviction is for the distribution of a controlled substance? I think the candid answer is one, unfortunately, it doesn't help the government, but I think it does under the modified categorical approach. Why? Tell me why. Because the modified categorical approach, when we find that a statute is divisible, that particular divisibility, there has to at least be one prong of the statute that then does that job. We all understand it's divisible. My question is, why doesn't the approach only address the type of drug as opposed to, as opposed to mens rea, and for example, what if state law said, it's a felony to possess two ounces of heroin, and federal law said it's a felony to possess four ounces of heroin, and we had this exact statute, this exact enhancement, this exact language. Why wouldn't it fit squarely within the language of the enhancement? I'm just reading, just reading the language, just plain language. Why wouldn't it fit within the enhancement? I still think it may, your honor. I don't see that the additional two ounces. Well, but then you wouldn't have committed a federal offense. You would have only committed a state offense. And you're saying, no, it has to be a federal offense. And my question is, where does it say that? I don't think the definition in the sentencing commission says it. I think that's what we're- Does the enhancement say it anywhere? Does the enhancement say? No, I think that's what we've learned from Taylor and the subsequent cases. Isn't Taylor, deal with an enhancement that actually says you have to have committed a crime? I believe so. That matches up. That's a separate, that's what the enhancement says. Right. Okay. Neither side's prepared to sort of deal with this one. But go on with what you wanted to say. Okay, so with respect to, not only does the government believe that the Vega-Ortiz case controls, and that there's been a failing to show a specific case or a specific realistic possibility that the defendant could fall in this position. But I do want to make one additional point. There is, the Chavez-Solis case that's cited by the defendant and relied on, is not applicable in this case. It is Vega-Ortiz. And the reason for that is Chavez-Solis, which the defendant relies on in their reply brief, talks about taking two separate statutes. The state statute and the federal statute, and putting them up next to each other. The language of Chavez-Solis itself says that the state statute explicitly defines a crime more broadly than the generic definition. That's when Chavez-Solis applies, is when the state statute specifically defines something. Is this a generic crime, or is this a statutory crime? This is a generic crime, which is another reason that it takes out of the Chavez-Solis case. Chavez-Solis case, you can look at a child pornography statute at the federal and state level and say, okay, one has bestiality, for instance, photographs. The other has bestiality. You can go down the list. And if on its face, the state statute incorporates more conduct than the federal statute, then it's overbroad. That is not the case here, since we're dealing with a federal generic crime, which even Vega-Ortiz has said, you know, as we've recognized in Coronado, the text of the statute is not particularly helpful to our analysis. We need to cut through the layers of the federal generic statute to get down even to this mens rea issue. It's not... What is the federal generic crime? The federal generic crime is as defined in the sentencing guidelines. That's, I think, the exact question I was asking, which is that if there is a federal generic crime in the sentencing guidelines, why do we need to match it up to state? It just simply says, if you commit this federal generic crime, then you're subject to an enhancement. It doesn't say the state, the... If I understand correctly... It doesn't say there must also be a federal statute that punishes you for it. Agreed, but the defendant didn't create, didn't commit any federal defined crime, which is why we're looking at 11378 and having to match it up with that generic statute. Counsel, Judge Gould, if I may interject, it's a little off topic of what's been argued today, but I would really like the government to explain the increase in the supervised release term and how, I'm assuming that it's not subjectively vindictive by the district court, but even assuming it's not, does the record show us the court's reason for doing that? And if not, don't we have to vacate and send that back? Yes, Your Honor. The United States recognizes that there was an error in that portion of the sentence. The United States contends, though, it was certainly an inadvertent error based on the transcript itself that the judge was looking at all of the evidence and he actually said that he's re-looking at the evidence again and was finding that... But it's an error. It is an error. And it's a plain error. It is a plain error. So why don't we just fix it? I believe that has to happen, yes. Well, but that wasn't what your brief said. Your brief said, well, it's not so bad. It's only an extra year of supervised probation, supervised release. Why should he care? Because he's going to be deported anyway. And I'm hoping to clarify that now. What I wanted to make clear in the brief was that it was not, should not be put under this notion of vindictiveness because that's sort of a loaded term, that this was not vindictive. But you agree that procedurally there's an error? I do, Your Honor. And you agree that we should correct that error? Yes, Your Honor. Okay. And also, is it correct? We, as an appellate court, can't just modify it ourself. We would have to vacate and remand to the district court with instructions. I think that is correct, Your Honor. What I would request, though, is in the event that that happens, that it be remanded with the specific instructions that it is solely for this purpose. Because otherwise, what we end up having happen is if there is a limited, if there is an open record remand, then we're ended up with the 11-378 divisibility issue once again because the argument is this panel didn't address that. Okay, thanks. Do you have anything further? No, unless Your Honor have any additional questions.  Thank you. Time for rebuttal. Thank you, Your Honor. I'd first like to address the government's contention that Vega-Ortiz controls here and is prohibitive of this court reaching the issue of overbreath on the mens rea element. The reason the realistic probability is not a problem here, as it was in Vega-Ortiz, is because we know specifically from looking at the California controlled substance schedules precisely which substances are criminalized. There is absolutely no question about what California will punish. And because we know- Is that true in Vega-Ortiz also? Yes, Your Honor. I think the difference in Vega-Ortiz is that the L-meth exception was absent. Here, we're not dealing with something that's missing. We know there's no contest about what drug types are at issue by looking at the statutes here. I think what's significant is it's undisputed that California drug statutes have a mens rea element. And we know from looking at jury instructions and case law that it is knowing possession of any California controlled substance. So we look at the statutes. We know what the substances are. And we know that under California law, you can be punished for knowingly possessing any of those. And because California punishes substances that federal law does not, that's why it is overbroad. I understand that the court has not gotten a precise answer on the question that it raised earlier. I would request the opportunity to submit additional briefing on that question. But what I can say now is I think the reason that all of the elements have to match here is that the categorical approach requires that if we're going to enhance someone's sentence federally for a non-federal offense, the prior conviction under state law must match in every respect. Otherwise, we have a Sixth Amendment concern. Well, do we? Because if, couldn't a federal law, and I take your point that if we're going to rely on this, we ought to ask for a briefing. But couldn't a federal law say, if you were convicted of a state crime that involved assault on a minor, consequences will follow. And we don't care whether or not there's a federal crime that matches up to this, that there's no Sixth Amendment violation there. As long as one of the elements of the state crime conviction is for assault on a minor, it really doesn't matter that there's no corresponding federal crime, does it? I think if there were no corresponding federal crime, we would have to derive a generic definition from someone. See, I don't understand your Sixth Amendment argument. If all that the federal enhancement requires is conviction for possession of a certain drug, and you have been convicted for possession of a certain drug, then you haven't been denied a jury trial on the only issue that the federal law cares about. Well, to be convicted of the drug that is prescribed under federal law, you must not only have that drug, you must knowingly have that drug. What you're doing to me is you're changing the nature of the enhancement. I'm saying the enhancement simply says you've been convicted of possession of drug in state court. That's all it says. And if that's all it says, I don't know why it is that we have to also figure out whether or not your crime would be a federal crime. Now, maybe I'm just way off base on that, but I don't see any Sixth Amendment denial if that's the way the enhancement is done. Just as recidivism enhancements may not involve a crime that was prohibited in federal court. You may just simply say, if you were convicted of burglary in state court, then you get an enhancement, and we don't match it up to see whether there's a federal crime. I think we do, Your Honor. I think when we're enhancing for a burglary conviction, we absolutely must look to see that the elements match the generic federal definition. Okay, I understand your argument, and it may not even be relevant in this case. So if we think it is, we'll ask the plaintiffs to address it. Counsel, one question. What part of the Sixth Amendment are you relying on? Your Honor, I think the Sixth Amendment concerns that the categorical approach seek to address if we are going to, in this instance, enhance someone's sentence for conduct that was not federally prescribed, we must make sure that at the state level, the findings that were made, whether by trial or by guilty plea, are something you could be convicted for in state court otherwise. Which clause or phrase in the Sixth Amendment do you tie that in with? Your Honor, I'm sorry. I think the answer is simple, but it's escaping me at this moment. Instinctually, I think by looking at Taylor, we know that if someone is going to be punished, it must be just, and it must be for facts that are federally prescribed. And was your client sentenced outside, your client's sentence was within the statutory range, correct? On, in the federal guidelines? Yeah, not the federal guidelines, the statutory range. Yes, Your Honor. The jury trial issue only pertains when, under Apprende, when the sentence goes beyond the range. Yes, Your Honor. I think we're not dealing with a jury trial issue here. Yeah, I don't, okay. Any further questions? No questions. Thank you, Your Honor. The case will be submitted and thank you.
judges: Gould, Hurwitz, Restani